IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tarus Tramaine Henry, ) | C/A No.: 5:20-3906-JMC-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Kendall, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Tarus Tramaine Henry ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 38, 39. On June 16, 2021, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 40. On July 15, 2021, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment, ECF No. 44, and Respondent filed a Reply to the Response on July 20, 2021. ECF No. 45.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 39, be granted, and this Petition be denied.

I.     Background

Petitioner is currently incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections. ECF No. 1 at 1. He was indicted at the December 2008 term

of the Florence County Grand Jury on assault and battery with intent to kill ("ABWIK"), arson, and two counts of unlawful conduct towards a child (2008-GS-21-1877). App. 619–21.[1] Petitioner proceeded to a jury trial on July 27–31, 2009, before the Honorable Ralph King Anderson, Jr., Circuit Court Judge. App. 1 *et. seq*. The State was represented by Assistant Solicitor Stephen Hill, Esq. and Assistant Public Defender Karen Parrott represented Petitioner. App. 1. The jury found Petitioner guilty as indicted. App. 609–10. Judge Anderson sentenced Petitioner to consecutive terms of 20 years in prison for ABWIK and arson, and two concurrent ten-year terms for unlawful conduct toward a child. App. 615–17.

Petitioner appealed his convictions to the South Carolina Court of Appeals ("Court of Appeals"). Petitioner was represented by Appellate Defender Lanelle Cantey Durant, South Carolina Commission on Indigent Defense. ECF No. 38-4. Petitioner raised the following issues:

1. Did the trial court err in admitting the statement of appellant to the sheriff's investigators when the statement was not voluntary due to appellant's state of mind, and the coercion by the investigators when they told appellant that they could help him out because the judge took their word very seriously?

2. Did the trial court err in refusing to charge the jury on the lesser included charges of assault and battery of a high and aggravated nature and intent to burn when there was evidence that the victim attacked appellant first?

*Id.* at 4.

The Court of Appeals issued a decision affirming Petitioner's convictions. ECF No. 38-6 at 3–4. Petitioner filed a petition for rehearing on December 22, 2011, *Id.* at 5–14, that the Court of Appeals denied on January 13, 2012. *Id.* at 20–21. Petitioner field a petition for writ of certiorari

---

[1] Citations to "App." refer to the Appendix for Petitioner's trial transcript and Post-Conviction Relief ("PCR") Proceedings and the page numbers on the top of the page. That appendix is available at ECF Nos. 38-1 to 38-14 in this habeas matter.

2

in the South Carolina Supreme Court which the court denied on August 23, 2013. ECF No. 38-7. The remittitur was issued on August 28, 2013. App. 707.

II.     Procedural History

Petitioner filed a PCR Application on July 17, 2014 (2014-CP-21-1976). App. 628–32, 635–46. Petitioner asserted he was being held in custody unlawfully because:

(A) Ineffective assistance counsel, Doyle violations, failure to present a defense;

(B) Malicious Prosecution, Intentionally to gain a tactical advantage over the case, deliberate suppression of evidence, favorable to the accused; and

(C) Fundamental conceptions of justice, the community's sense of fair play, the state created a mandatory presumption, and impermissibly shifts the burden of proof to the defense.

App. 637.

A PCR motion hearing convened on January 31, 2018, before the Honorable Michael G. Nettles, Circuit Court Judge. App. 654–700. Petitioner was present and represented by Attorney Johnathan Waller, and Assistant Attorney General Lindsey McCallister appeared on behalf of the State. *See id.* Petitioner and his trial counsel testified at the hearing. *Id.* The PCR court denied and dismissed Petitioner's PCR Application with prejudice in an order filed on April 16, 2018. App. 706–24.  PCR counsel filed a Notice of Appeal on May 4, 2018. ECF No. 38-8. Appellate Defender Kathrine H. Hudgins represented Petitioner on appeal, and filed a Petition for Writ of Certiorari in the South Carolina Supreme Court on or about December 12, 2018. ECF No. 38-9. The petition presented the following issue:

> Did the PCR judge err in refusing to find trial counsel ineffective for advising Petitioner that the State's offer to allow a plea of guilty but mentally ill would likely result in a life sentence?

3

*Id.* at 3. On May 15, 2019, the South Carolina Supreme Court transferred the petition to the Court of Appeals. ECF No. 38-11. The Court of Appeals filed an order on October 12, 2020, denying the petition for a writ of certiorari. ECF No. 38-12. The remittitur was issued on November 2, 2020. ECF No. 38-13.

    III.    Discussion

        A.    Federal Habeas Issues

Petitioner raises the following issue in his Federal Petition for a Writ of Habeas Corpus, quoted verbatim:

**Ground One:**    Ineffective Assistance of Counsel.

> Supporting Facts: Here, counsel was ineffective for failing to "object to the jury form on statutory grounds, §17-24-30, where one central finding was intentionally omitted, which violated Petitioner's Due Process and rights to a fair trial". See attached sheets.

ECF No. 1 at 5.

        B.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing

. . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 323 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

   C.  Habeas Corpus Standard of Review

     1.  Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. §

2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

      a.  Deference to State Court Decisions

Courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). The Supreme Court has provided further guidance regarding the deference due to state-court decisions. *Harrington v. Richter*, 562 U.S. 86 (2011); *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Court further stated: "If this standard is difficult to meet, that is because it was meant to be." *Id.*; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing district court's grant of writ based on his ineffective assistance of counsel claims).

In interpreting § 2254(d)(1) and discussing the federal courts' role in reviewing legal determinations made by state courts, the United States Supreme Court held as follows:

> [A] federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.

6

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting from § 2254(d)(1)). "Clearly established Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). In considering whether a state-court decision is "contrary to" clearly established federal law, the federal court may not grant relief unless the state court arrived at a conclusion opposite to that reached by the Supreme Court on a legal question, the state court decided the case differently than the Court has on facts that are materially indistinguishable, or if the state court "identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 405-13. The "unreasonable application" portion of § 2254(d)(1) "requires the state court decision to be more than incorrect or erroneous[,]" it "must be objectively unreasonable," which is a higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citation omitted).

Section 2254(e)(1) requires the federal court give a presumption of correctness to state-court factual determinations and provides that a petitioner can only rebut such a presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, a habeas petitioner is entitled to relief under § 2254(d)(2), only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

      b.     Ineffective Assistance of Counsel

The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel in a criminal trial and first appeal of right. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective

standard of reasonableness under prevailing professional norms. *Id.* at 687. Second, the petitioner must show that this deficiency prejudiced the defense. *Id.* at 694. The United States Supreme Court's 2011 decisions cited previously elaborate on the interplay between *Strickland* and § 2254, noting the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks omitted); *Pinholster*, 131 S. Ct. at 1403. When a petitioner raises in a § 2254 habeas petition an ineffective-assistance-of-counsel claim that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at 101. "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id.* (citing *Williams*, 529 U.S. at 410) (emphasis in original). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

 2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

                a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>> (A)    the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (i) there is an absence of available State corrective process; or
>>
>>        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C.

Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by section 17-27-80 of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

      b.  Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See*

*Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the United States Supreme Court explains:  [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *See Teague*

11

*v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

        3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id*. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

IV.    Analysis

    A.    Procedurally-Barred Grounds

Respondent argues the sole ground raised in Petitioner's habeas petition is procedurally defaulted. ECF No. 38 at 17–18. In Ground One, Petitioner argues his trial counsel was ineffective because she failed to challenge the verdict form used in his trial. ECF No. 1 at 5. Petitioner claims he suffers from mental illness, but the verdict form used during his trial did not list an option that allowed the jury to find him "not guilty by reason of insanity or guilty but mentally ill." ECF No. 1-1 at 3. The undersigned has reviewed the order denying Petitioner's PCR application and Petitioner's PCR appeal and notes that this ground was not raised in either of these documents.

Because the claims raised in Petitioner's Ground One was not ruled upon by the South Carolina appellate courts, this ground is not preserved for review. *See, e.g., Coleman v. Thompson*, 501 U.S. 722 (1991) (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

Petitioner acknowledges the PCR court did not rule on this issue, but alleges he then filed a request to file a Rule 60(b) motion and a proposed motion for relief from judgment pursuant to Rule 60(b) with the South Carolina Supreme Court. ECF No. 44 at 2, Petitioner attaches copies of these documents in support of his claim. *See* ECF Nos. 44-2, 44-3. In response, Respondent offers a June 19, 2018 letter addressed to Petitioner from the South Carolina Supreme Court which states:

> This responds to your recent motion seeking leave to file a motion under Rule 60(b) of the South Carolina Rules of Civil Procedure. Since you are represented by the Division of Appellate Defense in this matter, I cannot accept this pro se motion for filing and no action will be taken on it by this Court.

ECF No. 46-1. Because Petitioner's Rule 60(b) was not properly before the court and therefore never ruled on, Petitioner's claims in Ground One are barred absent a showing of cause and actual prejudice, or actual innocence. *Wainwright*, 433 U.S. at 87.

1. Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of his Ground One claim. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, his claim

is procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding that to show prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez*, 906 F.2d at 1159 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent").

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on this Ground One claim. Although Petitioner attempted to file a Rule 60(b) motion pro se, Petitioner has not made any argument about any interaction he had with his counsel about presenting this ground to the PCR court, nor has he shown that he asked counsel to seek a ruling on this argument after the PCR order was filed. Because Petitioner failed to preserve this issue for habeas review, Petitioner cannot establish cause and prejudice.

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

Petitioner argues he is actually innocent of his convictions because the purported erroneous verdict form is "tantamount to no proper verdict form at all." ECF No. 44 at 3. Petitioner alleges the State's doctor only testified whether he believed Petitioner was fit to stand trial, and speculated, without any proof, whether Petitioner's removal of part of his brain could have caused Petitioner to suffer from blackouts. *Id.* Petitioner argues his medical history mandated the use of the verdict form that gave the jury four separate jury options. *Id.* Petitioner contends his medical condition mandated the use of a jury form with the option to find him not guilty by reason of insanity or guilty but mentally ill, and therefore, the trial court erred by not giving this verdict form to the jury. ECF No. 44.

The undersigned finds Petitioner's argument is without merit. A review of the trial transcript shows that Petitioner's trial counsel presented evidence about Petitioner's mental condition. App. 463–76. Dr. Frierson, who evaluated Petitioner's competency to stand trial and his criminal responsibility for his actions, testified for the defense about Petitioner's mental status at the time of the offense. *Id.* Dr. Frierson testified about Petitioner's previous hospitalization at a psychiatric hospital, his brain surgery where part of his brain was removed, and Petitioner's diagnosis with bipolar and schizophreniform disorder. *Id.* Dr. Frierson concluded that although Petitioner's brain surgery may have caused Petitioner difficulty with reading fear in a person's face, he concluded that Petitioner would have been able to distinguish both legal and moral right from wrong at the time of the offense. App. 479–80. Petitioner also testified during his trial about being diagnosed with psychosis, schizophrenia, and bipolar disorder, the medication he was taking, his brain surgery, his institutionalization, and his learning disabilities, and how this impacted his memory of the altercation with his wife. App. 502–45. Because the evidence referenced in Petitioner's actual innocence argument was presented during his trial, the undersigned finds

15

Petitioner has failed to meet his burden of demonstrating actual innocence. Therefore, a procedural bar applies to his Ground One claim. *See generally*, *Schulo v. Delo*, 513 U.S. 298, 324 (1995) (holding in the context of procedural default of federal habeas claims, a gateway claim of actual innocence requires a petitioner to show "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.").

V.     Conclusion and Recommendation

Based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 39, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

October 25, 2021                                                       Kaymani D. West
Florence, South Carolina                                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).