# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Tarus Tramaine Henry, ) | Civil Action No.: 5:20-cv-03906-JMC |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Warden Kendall ) | |
| ) | |
| Respondent. ) | |

Petitioner Tarus Tramaine Henry, a state prisoner proceeding *pro se*[1], brought this action seeking habeas corpus relief under 28 U.S.C. § 2254. (ECF No. 1.) This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 49), filed on October 25, 2021, recommending the court grant Respondent's Motion for Summary Judgment (ECF No. 39) and deny the Petition (ECF No. 1). For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 49), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 39), and **DENIES** the Petition (ECF No. 1).

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant background facts and legal standards which this court incorporates herein without a full recitation. (*See* ECF No. 49.) This petition arises from Petitioner's 2009 state court convictions for assault and battery with intent to kill, arson, and two

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

(2) counts of unlawful conduct towards a child. (ECF No. 49 at 2.) After a jury found Petitioner guilty of these charges, he appealed to the South Carolina Court of Appeals, which affirmed his convictions. (*Id.*) Petitioner subsequently filed for writ of certiorari in the South Carolina Supreme Court which was denied on August 28, 2013. (*Id.* at 2–3.) On July 17, 2013, Petitioner filed an application for post-conviction relief ("PCR") which was denied and dismissed with prejudice. (*Id.* at 3.) Petitioner's petition for writ of certiorari regarding his PCR application was also denied. (*Id.* at 4.)

On November 9, 2020, Petitioner filed this action challenging his state court convictions pursuant to 28 U.S.C. § 2254. (ECF No. 1.) As grounds for his Petition, Petitioner asserts his trial counsel was ineffective "for failing to 'object to the jury form on statutory grounds, [South Carolina Code] § 17-24-30, where one central finding was intentionally omitted, which violated Petitioner's Due Process rights to a fair trial.'" (ECF No. 1 at 5.) On June 15, 2021, Respondent filed a Motion for Summary Judgment. (ECF No. 39.) On June 16, 2021, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. (ECF No. 40.) On July 15, 2021, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment, (ECF No. 44), and Respondent filed a Reply to the Response on July 20, 2021, (ECF No. 45). On October 25, 2021, the Magistrate Judge issued the Report (ECF No. 49), recommending the court grant Defendant's Motion for Summary Judgment (ECF No. 39) and dismiss the Petition (ECF No. 1).

## II.     LEGAL STANDARD

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge

only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Id.* at 315 (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III.    ANALYSIS

A.    <u>The Magistrate Judge's Review</u>

In the Report, the Magistrate Judge explained that the ground asserted by Petitioner to support habeas relief was not raised or ruled upon by the South Carolina appellate courts. (ECF No. 49 at 13.) Accordingly, this ground was not preserved for review by the federal court and is procedurally barred absent a showing of cause and actual prejudice, or actual innocence. (*Id.* (citing *Wainwright v. Sykes*, 433 U.S. 23, 87 (1986)).) As set forth in the Report, "[t]he existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule." (*Id.* at 14 (citing *Smith v. Murray*, 477 U.S. 527, 488 (1986)).) The Magistrate Judge noted that, "[a]lthough Petitioner attempted to file a Rule 60(b) motion pro se, Petitioner has not made any argument about any interaction he had with his counsel about presenting this ground to the PCR court, nor has he

3

shown that he asked counsel to seek a ruling on this argument after the PCR order was filed." (*Id.*) Accordingly, the Magistrate Judge found that Petitioner failed to articulate sufficient cause and prejudice to excuse the default of his ground for relief. (*Id.*) The Magistrate Judge also found that Petitioner failed to meet his burden of actual innocence "[b]ecause the evidence referenced in Petitioner's actual innocence argument was presented during his trial[.]" (*Id.* at 15–16.)

B.     The Court's Review

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service. (ECF No. 49 at 17 (citing 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)).) However, neither of the parties filed any objections before the deadline. In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Federal Rule of Civil Procedure 72 advisory committee's note to 1983 amendment). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

## IV.     CONCLUSION

After a thorough review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 49), **GRANTS**

Respondent's Motion for Summary Judgment (ECF No. 39), and **DENIES** the Petition (ECF No. 1).

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 16, 2021
Columbia, South Carolina